**Dejustice COLEMAN, Petitioner,**

v.

**UNITED STATES SECRET SERVICE, Respondent.**

**Appeal No. 84–1032.**

United States Court of Appeals, Federal Circuit.

Dec. 10, 1984.

---

Dejustice Coleman, pro se.

Sandra P. Spooner, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Robert E. Richardson, Washington, D.C.

Before FRIEDMAN, RICH, and BALDWIN, Circuit Judges.

BALDWIN, Circuit Judge.

This appeal is from the decision of the Merit Systems Protection Board (MSPB or board), No. CH07528310568, upholding the action by the United States Secret Service suspending petitioner Dejustice Coleman for forty days. We affirm.

### Background

Petitioner is employed by the Secret Service as a criminal investigator. In November 1982, Secret Service notified petitioner that he, along with other personnel, had been selected to accompany the Vice President on a trip to Africa. Before his departure on November 7, 1982, petitioner had to complete a series of five immunization shots. On November 5, petitioner drove to

work in a government-owned vehicle and parked the car in the office garage. He was authorized to use the vehicle to travel to and from work and while on official business. That afternoon he received the last of his immunization shots. At 4:30 p.m., petitioner finished work. He says that he then left the office and walked four or five blocks to shop in downtown Milwaukee in preparation for the trip to Africa. Later in the evening, he saw a movie, and after that he admits consuming two alcoholic beverages. By now, it was past 1:00 a.m., November 6. He walked back to the office garage and drove the government vehicle to his residence. At about 2:25 a.m. a local police officer observed petitioner driving erratically and followed petitioner into his driveway. Although the officer asked to see his driver's license, petitioner did not cooperate. Another officer arrived and the officers then placed him against a wall and handcuffed him. While being handcuffed, petitioner identified himself as a Secret Service agent.

On March 25, 1983, the agency informed petitioner that it proposed to suspend him for sixty days in connection with six charges arising out of this incident and another unrelated incident. Petitioner responded with a written statement. In a June 14, 1983 decision, the agency cancelled two of the charges and reduced the proposed suspension to forty days.

The MSPB presiding official affirmed the agency action, sustaining three of the remaining four charges:

(1) unauthorized use of an official vehicle;

(2) failure to report a potentially embarrassing incident to his supervisors; and

(3) failure to cooperate with local law enforcement officials.

The MSPB found that the charges were supported by a preponderance of the evidence and that the forty-day suspension would promote the efficiency of the service.

OPINION

■ Under our limited scope of review, we must sustain the board unless we find the agency action to be arbitrary or capricious, not in accordance with the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982).

■ Petitioner contends that charge (1) should not be sustained because the Secret Service failed to introduce any evidence proving intent which is an element of the offense defined in 31 U.S.C. § 638a(c)(2) (1976) (now 31 U.S.C. § 1349(b) (1982)). The government responds that petitioner's return trip home was not authorized because November 6 was an off duty day, and petitioner's 10-hour detour "on the town" was personal and included the consumption of alcoholic beverages in contravention of Secret Service regulations. We need not reach the question of intent under former section 638a(c)(2). The Secret Service regulation, which was also a basis for the agency's charge, prohibits employees from using intoxicants any time they may reasonably expect that they may be called upon to perform an official duty, and when traveling in an official automobile whether on duty or not. Petitioner violated this regulation. If he was suffering sickness from the immunization shots, then he had more reason to avoid alcohol before driving the vehicle.

■ Petitioner also argues that the charge of failure to cooperate with local law enforcement officials is not supported by substantial evidence. In view of the affidavits of the two local police officers, we cannot agree with petitioner. The affidavit of petitioner's wife and the decision by a state unemployment compensation tribunal are not properly before us and have not been considered.

■ Petitioner does not contest the board's determination that the agency action promotes the efficiency of the service. Instead, he argues that the penalty imposed by the agency and sustained by the MSPB was too severe when compared to penalties other employees received for com-

parable violations. This court's standard of review of a penalty determination is whether the penalty is clearly excessive or an abuse of discretion. *Nagel v. Department of Health & Human Services,* 707 F.2d 1384, 1387 (Fed.Cir.1983). The record in the present case shows that the agency weighed the relevant factors. *See Douglas v. Veterans Administration,* 5 MSPB 313 (1981). Although the presiding official sustained the agency's penalty relying in part on the minimum suspension required by a violation of former 31 U.S.C. § 638a, we are unable to say that the forty-day suspension is clearly excessive or that the board abused its discretion in sustaining the forty-day suspension based on the three sustained charges.

For the foregoing reasons, the board's decision is *affirmed.*

AFFIRMED.