945 F.2d 417
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gale R. SCOTT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3241.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1991.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Gale R. Scott appeals the decision of the Merit Systems Protection Board (Board), No. SL07529010209 (August 6, 1990). The Board upheld a United States Postal Service (Postal Service) decision demoting Mr. Scott from Station Manager, EAS-20, to City Carrier, PS-5. The agency demoted Mr. Scott for participating in the inflation of mail volume reporting. This court affirms.
 
 DISCUSSION
 
 2
 On appeal, Mr. Scott raises three issues. First, Mr. Scott asserts that the Board's decision is founded on statistical data and methods which are inaccurate, misleading, or false. Mr. Scott charges the Board with error for failing to recognize the allegedly arbitrary standards for measuring mail volume. The Postal Service, however, presented extensive statistical data and testimonial evidence in support of the charge that Mr. Scott submitted inflated Daily Unit Volume Reporting System (DUVRS) data. The Postal Service also presented evidence showing the accuracy of the statistical methods for detecting inflation of the DUVRS volume. Substantial evidence supports the Board's factual determinations. 5 U.S.C. § 7703(c) (1990); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 Second, Mr. Scott argues that the Board did not assess accurately the credibility of the witnesses or give proper weight to their testimony. This court will not substitute its judgment for the credibility determinations made by officers who observed the witnesses' demeanor. DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985).
 
 
 4
 Finally, Mr. Scott argues that another manager, Mr. J.S. Cronic, received a lighter penalty for substantially the same offense. Mr. Scott therefore accuses the Government of disparate treatment. This court will sustain a penalty determination unless clearly excessive or an abuse of discretion. Coleman v. U.S. Secret Service, 749 F.2d 726, 729 (Fed.Cir.1984).
 
 
 5
 Mr. Scott was charged with "participating in the inflation of DUVRS volume." Mr. Cronic was charged with "failure to properly perform the duties of your position" and with two other unrelated charges. Mr. Cronic did not investigate alleged DUVRS volume inflation by individuals under his supervision. While these two cases involve similar circumstances, the DUVRS inflation charge against Mr. Scott is more severe. This court cannot say that Mr. Scott's penalty is clearly excessive or that the Board abused its discretion in sustaining the demotion.
 
 
 6
 This court denied Mr. Scott's motion for oral argument. Oral argument is generally permitted unless "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Fed.Cir.R. 34(a)(3). Mr. Scott's motion for oral argument revealed a desire to reassert his position on factual determinations made by the Board. Mr. Scott adequately presented his arguments, both legal and factual, in his submissions. Therefore, oral argument would not have significantly aided this decision.