980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elmer O. WALCOTT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3279.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Elmer O. Walcott (Walcott) seeks review of a Merit Systems Protection Board (board) decision (No. NY07529110360, dated January 13, 1992) sustaining the Postal Service's removal of Mr. Walcott from his position as Postmaster. This court affirms.
 
 OPINION
 
 2
 Walcott was employed as Postmaster in the Kingshill, Virgin Islands Post Office when four charges of violating agency regulations were brought against him. The Post Office alleged that Walcott (1) failed to reimburse the Postal Service for $1,389.94 in travel advances received during the period from January 18, 1986, through September 11, 1989; (2) made three false claims for travel advances and reimbursements; (3) made salary advances to a Postal Service employee who was being terminated; and (4) failed to perform his duties properly by not maintaining appropriate financial records. The second charge alleged that Walcott had filed three false claims for travel advances and reimbursements. The three claims alleged to be false were: (a) a claim for $125 made on December 30, 1989, for travel November 3, 1988; (b) a claim for $139.50 made on July 29, 1987, for travel to Puerto Rico; and (c) a claim for $270 made November 8, 1988, for travel from November 17 to 19, 1988. The Postal Service removed Walcott from his position on the basis of these agency charges and for the efficiency of the Service.
 
 
 3
 On appeal to the Merit Systems Protection Board and after a hearing, the Administrative Judge (AJ) sustained the agency findings as to the first, third and fourth charges, but only specification (c) of the second charge. On review, the board decided that the AJ had erred in failing to sustain the agency findings for all three specifications of the second charge. Both the AJ and the board sustained the Postal Service's penalty of removal. Petitioner: (1) challenges the board's decision as to the three false travel expense claims of the second charge, and (2) contests the board's decision to sustain his removal. Appellant stipulated that he failed to reimburse the agency for eleven of twelve specified travel advances, and stipulated as to the facts underlying specification (a) of charge two, most of the facts underlying the third charge, and all of the facts underlying the fourth charge.
 
 
 4
 This court affirms board decisions unless (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 In sustaining the decision of the AJ as to charges 2(a) and (b), the board determined that petitioner's evidence was insufficient to refute the Postal Service's allegations and his testimony was not credible. Petitioner admits that evidence in support of his claim is lacking,* but argues that he need not produce any evidence since the burden is on the Postal Service to show that the charges are valid. Petitioner also argues that his explanations are credible.
 
 
 6
 The proper standard of review is whether the board's determination is supported by substantial evidence on the record as a whole, including evidence offered in support of as well as in opposition to the agency's finding. Bradley v. VA, 900 F.2d 233 (Fed.Cir.1990). In the present case, it was proper for the board to require petitioner to produce the relevant documents to refute the Postal Service's charges since only petitioner possessed such records. As to the board's decision on credibility, "[t]o the extent that the petitioner's claim is based upon a challenge to the presiding official's credibility determinations, ... these determinations are virtually unreviewable." Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). A determination of the credibility of witnesses is the province of the official who heard their testimony and saw their demeanor, Griessenauer v. Dep't of Energy, 754 F.2d 361 (Fed.Cir.1985), and will not be disturbed unless "inherently improbable or discredited by undisputed evidence or physical fact." Dittmore-Freimuth Corp. v. United States, 390 F.2d 664, 685 (Ct.Cl.1968).
 
 
 7
 Petitioner argues that the board opinion as to charge 2(c) should not be affirmed because it alleges the filing of a false travel reimbursement claim when, in fact, the money at issue related to a travel advance claim. The board decided, and respondent argues on appeal, that the wording of the charge was harmless error since evidence presented by the Postal Service showed that petitioner was on leave during the time he claimed to be away on business. Circumstantial evidence can constitute proof by a preponderance of the evidence in the absence of significant contrary proof, Burkett v. GSA, 27 M.S.P.R. 119, 121 (1985), and has been held sufficient to prove an intent to defraud. Melillo v. U.S. Postal Serv., 4 M.S.P.R. 483, 484-85 (1981).
 
 
 8
 In view of the lack of contradictory evidence presented by petitioner and the board's opinion as to his credibility, the board's decision to sustain charges 2(a), (b) and (c) was not arbitrary or capricious and was supported by substantial evidence.
 
 
 9
 Petitioner seeks reinstatement asserting that the penalty imposed by the Postal Service was inappropriate. "[This court] will not change an agency's determination of the penalty for employee misconduct unless the severity is plainly disproportionate or unreasonable." Morgan v. Dep't of Army, 934 F.2d 310, 312 (Fed.Cir.1991). The proper standard of review of a penalty determination is "whether the penalty is clearly excessive or an abuse of discretion", Coleman v. Secret Serv., 749 F.2d 726, 729 (Fed.Cir.1984); Nagel v. HHS 707 F.2d 1384, 1387 (Fed.Cir.1983), after proper consideration of the mitigating factors listed in Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981). See, Bradbie v. EEOC, 705 F.2d 1331 (Fed.Cir.1983). In view of the record and in light of the consideration of the Douglas factors, the penalty of removal is affirmed.
 
 
 
 *
 Petitioner asserts that the proper documentation which was once in his possession has since been inadvertently destroyed