983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Toney F. EDWARDS, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 92-3295.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1992.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined Dec. 21, 1992.
 
 Before PAULINE NEWMAN, MAYER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Toney E. Edwards seeks review of a Merit Systems Protection Board Decision, Docket No. AT07529010384, denying his petition for review. We affirm the decision of the Board.
 
 OPINION
 
 2
 Mr. Edwards was employed as a Motor Vehicle Dispatcher at the John F. Kennedy Special Warfare Center and School, Fort Bragg, North Carolina. He was removed from this position after the Army found that Edwards (1) engaged, on two separate occasions, in discourteous conduct or conduct unbecoming a federal employee, and (2) hit another employee causing injury. After a hearing, the administrative judge (AJ) reduced the penalty to a three day suspension. The Board sustained the decision of the AJ, ruling that Edwards' petition did not warrant full review because it "constitutes mere disagreement with the administrative judge's findings and credibility determinations". On appeal, Mr. Edwards asserts that the Board's decision not to review the AJ's ruling was incorrect, and seeks to have the three day suspension set aside.
 
 
 3
 Mr. Edwards disputes the findings and credibility determinations of the AJ as to the three instances of misconduct. The Board's findings will be sustained if supported by substantial evidence on the record as a whole. Bradley v. Veterans Admin., 900 F.2d 233 (Fed.Cir.1990). Substantial evidence is evidence sufficient to persuade a reasonable fact finder; it need not be a preponderance of the evidence adduced. Stanek v. Dept. of Transportation, 805 F.2d 1572 (Fed.Cir.1986). In addition, "[t]o the extent that the petitioner's claim is based upon a challenge to the presiding official's credibility determinations, ... these determinations are virtually unreviewable." Hambsch v. Dept. of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). A determination of the credibility of witnesses is the province of the official who heard their testimony and saw their demeanor, Griessenauer v. Dept. of Energy, 754 F.2d 361, 364 (Fed.Cir.1985), and will not be disturbed unless "inherently improbable or discredited by undisputed evidence or physical fact." Dittmore-Freimuth Corp. v. United States, 390 F.2d 664, 685 (Ct.Cl.1968).
 
 
 4
 We conclude that the Board's findings and credibility determinations are supported by substantial evidence.
 
 
 5
 Mr. Edwards also argues that the AJ misinterpreted 5 U.S.C. § 7503(a). That statute provides, in part:
 
 
 6
 (a) Under regulations prescribed by the Office of Personnel Management, an employee may be suspended for 14 days or less for such cause as will promote the efficiency of the service (including discourteous conduct to the public confirmed by an immediate supervisor's report of four such instances within any one-year period).
 
 
 7
 5 U.S.C. § 7503(a). Mr. Edwards interprets this language as requiring four instances of discourteous conduct before a suspension may be imposed. However, the requirement of four instances of confirmed discourtesy relates to conduct involving a member of the public. Mr. Edwards does not contend that any of the instances in question involved members of the public. Accordingly, the agency was not barred from taking action based on the two instances here of record.
 
 
 8
 With respect to the penalty, the agency argues that the suspension is warranted in view of the facts of this case, and in order to "promote the efficiency of the service". 5 U.S.C. § 7503(a). We review to determine whether the penalty imposed is so harsh or disproportionate to the offense as to constitute an abuse of discretion. Yeschick v. Dept. of Transportation, 801 F.2d 383 (Fed.Cir.1986). "We will not change an agency's determination of the penalty for employee misconduct unless the severity is plainly disproportionate or unreasonable." Morgan v. Dept. of Army, 934 F.2d 310, 312 (Fed.Cir.1991); Coleman v. United States Secret Serv., 749 F.2d 726, 729 (Fed.Cir.1984); Nagel v. DHHS 707 F.2d 1384, 1387 (Fed.Cir.1983).
 
 
 9
 We conclude that the penalty of a three day suspension was not excessive, and was within the Board's discretionary authority. See 5 U.S.C. § 7703(c).