NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not
citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3011

DEIRDRE B. GARNER,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  March 8, 2005

_____

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

PER CURIAM.

The petitioner, Deirdre B. Garner, seeks review of the final decision of the Merit Systems Protection Board ("Board") that sustained the Treasury Department (the "Agency")'s removal of Garner for misusing travel funds and failing timely to pay an outstanding travel account balance.  Garner v. Dep't of the Treasury, No. AT-0752-03-0064-I-1 (M.S.P.B. Sept. 27, 2004) ("Board Op.") (reversing in part initial decision of Feb. 25, 2003 ("Initial Decision")).  We affirm.

I

The record sets forth the following basic facts, which Garner does not dispute. Garner was a Mail and File Clerk Supervisor with the Internal Revenue Service (IRS). Board Op. at 1. At the time of her removal in October 2002, she had been a supervisor for approximately two years, had more than eighteen years of service with the Agency, and had received several performance awards. Initial Decision at 6. She had also been previously disciplined with a one-day suspension for misuse of a government credit card and failure to timely pay travel charges. Board Op. at 2.

Garner was scheduled for official travel from August 7 through August 10, 2001. On August 7, she signed a request for an approved travel advance of $470. The request form showed that she owed the agency $2,400 from previous advances. The disbursing employee apparently misread the form and mistakenly gave Garner $2,400, an amount $1,930 in excess of the approved $470. Garner took the $2,400 and left on her trip the same day without attempting to return the excess or notify anyone that she had received more than the approved advance. Initial Decision at 2-3.

As a result of this overpayment, Garner, after filing travel vouchers and receiving credits, owed the government $2,276.03 as of December 10, 2001, which was still unpaid on March 1, 2002, nearly seven months after her trip. On March 6, Garner's supervisor, Karen Smith, received a letter from the IRS budget office stating that Garner's "[o]utstanding balance should be paid in full." (Resp't Br. App. at 35-37.) Smith met with Garner to discuss her overdue account on April 2, 2002. Initial Decision at 4. The next day, Garner sent Smith a memorandum promising to repay the balance due by May 15, 2002. (Garner erroneously wrote this due date as "5/15/01", but it is

clear from other dates referenced that "01" is a typographical error and should have been "02.")  Id.; (Resp't Br. App. at 38.)  Garner's memorandum further stated that she "was not aware of the time factor involved in paying the outstanding balances" because she relied upon secretaries to handle her travel paperwork and had never done it herself.  (Resp't Br. App. at 38.)  Despite her written promise to pay by May 15, Garner did not clear her balance until June 11, 2002, nearly a month after her deadline and ten months after receiving the excessive advance.  Initial Decision at 4.

The agency began proceedings culminating in Garner's removal from service on two charges:  (1) misuse of travel funds to which Garner was not entitled, based upon her acceptance of the excess $1,930 advance; and (2) failure to timely pay her outstanding travel balance.  Upon Garner's initial appeal to the Board, the administrative judge held that the agency had proved only the second charge and mitigated Garner's penalty to a fourteen-day suspension without pay.  Initial Decision at 1-7.  Upon the Agency's petition, the Board reversed the initial decision in part to find that the agency proved both charges, and sustained Garner's removal.  Board Op. at 1.

II

We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. § 7703(c) (1998); see Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).  On appeal, Garner seeks reinstatement, back pay, and a lesser penalty of suspension "[i]f punishment is deemed appropriate" on two grounds.  First, she argues that "[t]here is no evidence of alleged misuse of travel

funds." (Pet'r Br. at 1.) Second, Garner contends that her penalty is excessive in light of the relevant factors set forth in <u>Douglas v. Veterans Administration</u>, 5 M.S.P.R. 280, 305-06 (1981). Garner's arguments fail to persuade us that the Board acted improperly in sustaining her removal.

The record supports the Board's finding that Garner misused travel funds based upon her acceptance of $1,930 in excess of her approved travel advance. Garner argues that her advance was "approved, processed and disbursement was made" a few hours before she had to "catch a flight" and that she "did not complete nor review the paperwork," but instead "merely signed what was presented to [her] by the secretary" and "never received any other guidance as [to] how to proceed." (Pet. Br. at 3.) The Board found that Garner had knowingly accepted an amount greatly in excess of the amount she requested. The Board further found that no plausible reason would support any view that the amount she received was correct. The Board held that knowing receipt of such an excessively erroneous amount for travel funds constituted misuse of travel funds. We agree with the Board; substantial evidence supports its conclusion.

Garner argues that she "was not made aware of the policy for travel in Examination Branch," (Pet. Br. at 4), and that "[i]f there was errors made [sic], it should have been caught by those people," referring to the section secretary and the reviewing and disbursing officials. (Resp't Br. App. at 27 (Oral Reply of Deidre Garner, July 31, 2002).) These excuses do not relieve Garner of individual responsibility. Not only was she a supervisor who had traveled on business before, but she had also been previously disciplined for failure to pay travel charges, and so she presumably knew or should have known that she bore significant responsibility for her own travel advances.

Garner contends that the penalty of removal was excessive in light of the record showing her lack of knowledge of travel accounting procedures and her otherwise commendable job performance. We uphold a penalty determination unless it is "clearly excessive or an abuse of discretion." Coleman v. United States Secret Serv., 749 F.2d 726, 729 (Fed. Cir. 1984) (citing Douglas, 5 M.S.P.R. at 305-06). Here, the factors supporting removal include Garner's past discipline for credit card misuse and failure to timely pay travel expenses, as well as her position as a supervisor, who is "held to a higher standard of conduct than other employees." Fischer v. Dep't of the Treasury, 69 M.S.P.R. 614, 619 (1996). In light of these factors, we cannot say the Board abused its discretion or imposed an excessive penalty.

CONCLUSION

The decision of the Board is affirmed.