NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3135

TODD J. SCHOENROGGE,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: September 13, 2005

_____

Before CLEVENGER, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board affirmed the Department of Justice's (Agency) removal of Mr. Todd J. Schoenrogge from Federal service. Because substantial evidence supports the Board's decision, this court affirms.

BACKGROUND

Mr. Schoenrogge was a legal assistant at the Eloy Immigration Court in Eloy, Arizona. Schoenrogge v. Dep't of Justice, DE-0752-03-0465-I-1, slip op. at 2 (M.S.P.B. Apr. 16, 2004) (Initial Decision). On July 17, 2003, Immigration Judge Owens proposed Mr. Schoenrogge's removal for disorderly conduct, disrespectful conduct, and inappropriate conduct. Id. After reviewing several written replies from Mr.

Schoenrogge, Chief Immigration Judge Creppy issued a decision effecting Mr. Schoenrogge's removal on August 26, 2003. Id., slip op. at 2-3.

Mr. Schoenrogge appealed the Agency's decision to the Board. During proceedings before the administrative judge, Mr. Schoenrogge challenged the Agency's decision, in part, as reprisal for filing discrimination complaints in violation of the Whistleblower Protection Act. Id., slip op. at 9-12. Mr. Schoenrogge attempted to prove these allegations primarily through the testimony of thirty-three witnesses. However, the administrative judge did not allow Mr. Schoenrogge to call all thirty-three proposed witnesses, but instead limited Mr. Schoenrogge to the five witnesses also on the Agency's witness list, plus two additional witnesses. Schoenrogge v. Dep't of Justice, DE-0752-03-0465-I-1 (M.S.P.B. Nov. 21, 2003) (Witness Order) Unsatisfied with this decision, Mr. Schoenrogge moved the administrative judge to certify to the full Board the issue of the propriety of limiting witnesses at the hearing. Apparently the administrative judge did not act on that request.

After the hearing, the administrative judge concluded that the Agency proved the charges against Mr. Schoenrogge and that the penalty of removal was an appropriate penalty. Id., slip op. at 15. The administrative judge further concluded that Mr. Schoenrogge did not show that the Agency's action was in violation of the Whistleblower Protection Act, Pub L. No. 101-12, 103 Stat. 16, codified in scattered sections of 5 U.S.C. Id. The Board sustained this decision. Schoenrogge v. Dep't of Justice, DE-0752-03-0465-I-1 (M.S.P.B. Mar. 15, 2005). Mr. Schoenrogge then filed the present appeal for review before this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001).

The Three Charges

In the present case, substantial evidence supports the administrative judge's findings regarding all three of the charges against Mr. Schoenrogge. The first charge, disorderly conduct, involves a June 26, 2003 incident where Mr. Schoenrogge appeared uninvited at the home of his second-level supervisor, Mr. Meehan, and attempted to provoke a physical altercation with him. See Initial Decision, slip op. at 3-5. The record shows that Mr. Schoenrogge was arrested for the incident and subsequently pleaded guilty to a charge of disorderly conduct. See State v. Schoenrogge, M-1142-CR-2003001084 (Casa Grande Mun. Ct. 2003).

While Mr. Schoenrogge acknowledges the incident, he challenges the Meehans' testimony that he was intoxicated at the time. Specifically, Mr. Schoenrogge argues that the Meehans lack credibility due to prior statements that allegedly contradict their testimony before the Board. The administrative judge, however, made specific findings on the Meehans' credibility, finding their testimony both internally consistent and consistent with each other. Initial Decision, slip op. at 5. In contrast, the administrative judge found Mr. Schoenrogge's testimony to be wholly inconsistent and unexplainable. Id. These well reasoned credibility findings, which are virtually unreviewable on appeal, are fully supported by the record. See Hambsch v. Dep't of Treasury, 796 F.2d 430,

436 (Fed. Cir. 1986) (<u>citing</u> <u>DeSarno v. Dep't of Commerce</u>, 761 F.2d 657, 661 (Fed. Cir. 1985); <u>Griessenauer v. Dep't of Energy</u>, 754 F.2d 361, 364 (Fed. Cir. 1985); <u>Anderson v. City of Bessemer</u>, 470 U.S. 564 (1985)) (commenting that, given the highly deferential standard for reviewing a deciding official's credibility determination, such determinations are "virtually unreviewable" on appeal).

The second charge, disrespectful conduct, involves exchanges between Mr. Schoenrogge and Immigration Judge Keenan. <u>Initial Decision</u>, slip op. at 5-6. Specifically, while employed at the Agency, Mr. Schoenrogge worked with Immigration Judge Keenan as a court clerk, starting July 1, 2003. <u>Id.</u> However, on June 25, 2003, Mr. Schoenrogge sent Judge Keenan an email informing him that certain instructions regarding tasks Mr. Schoenrogge was to perform simply would not be followed and that anything Judge Keenan wanted to say to him should be sent through Mr. Schoenrogge's chain of command. <u>Id.</u> Proof of this incident includes Mr. Schoenrogge's email, in addition to the testimony of Judge Keenan and Mr. Schoenrogge's first-line supervisor, Shirley Coolbaugh.

Again, while acknowledging the incident, Mr. Schoenrogge challenges the credibility of Shirley Coolbaugh and Judge Keenan. The administrative judge, however, made specific findings on the credibility of Mrs. Coolbaugh and Judge Keenen, in which he noted their testimonies were uniformly consistent with each other's testimonies and with the email itself. <u>Id.</u>, slip op. at 6. The record supports these well reasoned credibility findings.

The third and final charge against Mr. Schoenrogge, inappropriate conduct, involves fifty seven phone calls made by Mr. Schoenrogge after duty hours to various

individuals at the Agency's headquarters.  Id., slip op. at 7-9.  These messages were rambling and occasionally incoherent, suggesting that Mr. Schoenrogge was intoxicated while leaving them.  Id., slip op. at 8.  The record includes transcripts of the calls, though Mr. Schoenrogge challenges the accuracy of these transcripts.

Once again, while acknowledging the calls, Mr. Schoenrogge attempts to justify these calls as protected whistleblowing activities and/or work-related in nature.  Id., slip op. at 9.  The record, however, indicates the calls were exclusively made after hours to individuals randomly selected.  Id.  This supports the administrative judge's finding that "it was far more likely that the telephone calls were made by [Mr. Schoenrogge] for the purpose of venting when he could be certain that no one would answer his or her telephone."  Id.

On the basis of the record, this court detects no reversible error.  See 5 U.S.C. § 7703(c) (2000); McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1367 (Fed. Cir. 2004).

The Affirmative Defenses

Mr. Schoenrogge also asserts two affirmative defenses against his removal.  The first affirmative defense asserts that the dismissal was taken in reprisal for filing discrimination complaints in violation of 5 U.S.C. § 2302(b)(9).  Initial Decision, slip op. at 9-10.  However, while the Agency concedes Mr. Schoenrogge did engage in protected activity (i.e., filing discrimination complaints), the record does not show any causal connection between the protected activity and the removal action other than Mr. Schoenrogge's own testimony.  Thus, the administrative judge properly determined that Mr. Schoenrogge did not prove this defense by preponderant evidence.  See

05-3135                                    5

<u>Warren v. Dep't of Army</u>, 804 F.2d 654, 656-58 (Fed. Cir. 1986) (discussing petitioner's burden to prove a genuine nexus between the retaliation and petitioner's removal in establishing this defense).

Mr. Schoenrogge's second and final affirmative defense involves a purported violation of the Whistleblower's Protection Act. Specifically, Mr. Schoenrogge alleged six "protected" disclosures:

> (1) Immigration Judges bringing unopened bottles of wine as Christmas gifts into the Eloy Immigration Court, in [Mr. Schoenrogge's] opinion, a secure facility; (2) Immigration Judges allegedly allowing attorneys appearing before them to make false statements on certificates of service; (3) the agency's alleged misuse of immigration detainees to perform menial labor; (4) the alleged misuse of funds by allowing contract interpreters to wait around, and thus be paid, while tape-recorded advisories were being played; (5) Immigration Court employees allegedly not working 8 hours for 8 hours pay by leaving work when Immigration Court business was finished; and (6) Immigration Judges 'padding' their statistics by entering the computer code 'A' instead of code 'S.'

<u>Initial Decision</u>, slip op. at 11. The administrative judge dismissed these purported disclosures as unprotected, finding instead that they "concern trivial materials that reflect [Mr. Schoenrogge's] subjective vision of how the Eloy Immigration Court ought to operate rather than how, by policy, it actually operates." <u>Id.</u> The administrative judge further opined that these allegations "simply do not rise to the level of a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health" as contemplated by the statute. <u>Id.</u> (<u>citing</u> 5 U.S.C. § 2302(b)(8)(A)) (other citations omitted).

Before this court, Mr. Schoenrogge complains that the Board erroneously held that the allegation of employees bringing wine into the Immigration Court was not protected. As to this disclosure this court concludes that, based on the evidence of record, the Board found that Mr. Schoenrogge could not reasonably have believed that

the bringing of wine was illegal. Mr. Schoenrogge has not shown that this finding was not supported by substantial evidence. Mr. Schoenrogge has not pursued item (2) on appeal, and has explicitly disavowed item (3). Mr. Schoenrogge has not shown that the Board committed reversible error in characterizing items (4) and (5) as trivial or debatable matters of policy. And with respect to item (6), Mr. Schoenrogge has failed to call this court's attention to any testimony that would support a finding that he reasonably believed that the events had occurred to the extent that they would be considered non trivial.

Removal As A Penalty

Mr. Schoenrogge challenges as well the appropriateness of removal as a penalty for the misconduct. This court upholds a penalty determination unless it is clearly excessive or an abuse of discretion. See Coleman v. U.S. Secret Serv., 749 F.2d 726, 729 (Fed. Cir. 1984) (citations omitted). Mr. Schoenrogge asserts the administrative judge did not consider mitigating factors including his history of past work performance and letters from Immigration Judges attesting to his outstanding work performance. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981) (discussing mitigating factors for consideration in determining an appropriate penalty for misconduct). To the contrary, the administrative judge's Initial Decision expressly noted "there are no mitigating circumstances present here except for the presumptive acceptance or better quality of [Mr. Schoenrogge's] performance." Initial Decision, slip op. at 14 (emphasis added). Thus, the administrative judge *did* consider Mr. Schoenrogge's work performance.

Mr. Schoenrogge also asserts that the penalty of removal is inconsistent with other cases in which individuals were merely suspended for striking their supervisor. This argument simply has no merit, as the inconsistency of a penalty with other cases is not dispositive where the penalty is appropriate to the sustained misconduct as this court perceives it to be in this case. See Rackers v. Dep't of Justice, 79 M.S.P.R. 262, 283-84 (1998), aff'd,194 F.3d 1336 (Fed. Cir. 1999) (Table). Thus, this court need not address other cases in which individuals have merely been suspended for various instances of misconduct. Hence, for the foregoing reasons, this court finds that the penalty of removal was not clearly excessive or an abuse of discretion.

Motion To Certify

The final issue raised by Mr. Schoenrogge's appeal involves his motion to certify to the full Board the limitation on witnesses. Specifically, Mr. Schoenrogge argues that, without any indication that the motion was ever formally granted or denied, the administrative judge instead must have simply ignored the motion altogether. According to Mr. Schoenrogge, ignoring a motion constitutes a clear abuse of discretion, because the administrative judge has a duty to either grant or deny the motions before him. See 5 C.F.R. § 1201.92 (current through Aug. 2, 2005) (governing certification of interlocutory appeals to the Board). Even assuming that the administrative judge abused his discretion in ignoring the motion, however, this court perceives no prejudice to Mr. Schoenrogge.

As previously noted, Mr. Schoenrogge requested the administrative judge's permission to have thirty-three witnesses testify in his defense. The administrative judge, however, only allowed Mr. Schoenrogge to call two witnesses beyond those the

Agency also sought to have testify. <u>Witness Order</u>, slip op. at 2. These two witnesses were approved for the sole purpose of giving testimony regarding an absence of past misconduct. <u>Id.</u> As to the remaining witnesses:

> [They] were not approved because their testimonies uniformly go to matters which are not reviewable in the instant appeal or are not relevant at all or go to matters which the appellant is not required to defend against such as loose language in the proposal and decision letters which does not concern either the charges of misconduct or the propriety of the penalty.

<u>Id.</u> In response, Mr. Schoenrogge asserts only that these witnesses were "vital" to his defense. Without any reason to question the administrative judge's decision not to admit these witnesses, a decision subject to considerable deference on review, this court perceives no error or prejudice to Mr. Schoenrogge. <u>See</u> 5 C.F.R. §1201.41(b)(8); <u>Tiffany v. Dep't of Navy</u>, 795 F.2d 67, 70 (Fed. Cir. 1986); <u>Keefer v. Dep't of Agriculture</u>, 92 M.S.P.R. 476, 480 (2002) (discussing Board review of an administrative judge's certification decision under an abuse of discretion standard)

Conclusion

In brief, this court finds that substantial evidence supports the three charges against Mr. Schoenrogge. In addition, this court finds that Mr. Schoenrogge did not prove his affirmative defenses by a preponderance of the evidence, and that any purported error in failing to grant or deny the certification motion did not unduly prejudice Mr. Schoenrogge from presenting his case. The decision of the Board is affirmed.