NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TODD J. SCHOENROGGE,**
*Petitioner,*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2011-3126, -3143

---

Petition for review of the Merit Systems Protection Board in Case Nos.DA3330090467-C-1 and DA1221100611-W-1.

---

Decided: November 14, 2011

---

TODD J. SCHOENROGGE, of St. Francis, Kansas, pro se.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director. Of counsel was ANTONIA R. SOARES.

---

Before NEWMAN, LOURIE, and LINN, *Circuit Judges.*

PER CURIAM.

In this consolidated appeal, Todd J. Schoenrogge seeks review of two decisions by the Merit Systems Protection Board ("Board") denying his challenges to an adverse hiring decision by the U.S. Department of Justice ("DOJ"). We affirm.

## BACKGROUND

Mr. Schoenrogge applied to fill an announced vacancy with the DOJ as a legal assistant in March 2009. When he was not selected for the position, Mr. Schoenrogge claimed that the DOJ had violated his rights as a preference-eligible veteran under the Veterans Employment Opportunities Act of 1998 ("VEOA") by failing to properly consider his application. The U.S. Department of Labor initially dismissed his claim as baseless, but on appeal to the Board, an Administrative Judge ("AJ") found that the DOJ had overlooked relevant qualifications that should have been considered with Mr. Schoenrogge's application under the VEOA. Accordingly, the AJ ordered the DOJ to reconstruct its original selection process, properly accounting for Mr. Schoenrogge's applicable experience, and inform Mr. Schoenrogge in writing of all actions taken to comply with the order. *Schoenrogge v. Dep't of Justice*, No. DA-3330-09-0467-I-1, 2009 MSPB LEXIS 6319 (M.S.P.B. Sept. 28, 2009), *review denied*, 113 M.S.P.R. 441 (2010) ("Reconstruction Order").

On March 3, 2010, the DOJ performed the requisite reconstruction of its hiring process, with the result that Mr. Schoenrogge ranked first on its reconstructed list of eligibles for the position. But the DOJ sought and received formal approval from its Justice Management Division to pass over Mr. Schoenrogge on the reconstructed hiring list due to past misconduct that had precipitated his dismissal from prior employment

with the DOJ, *see generally Schoenrogge v. Dep't of Justice*, 148 F. App'x 941 (Fed. Cir. 2005), and his subsequent behavior demonstrating that he had not "been rehabilitated nor shown remorse for his actions." Accordingly, the DOJ exercised its pass-over authority to decline Mr. Schoenrogge's application, and he was so notified with a letter outlining the reconstruction procedure and explaining the agency's pass-over decision.

Mr. Schoenrogge responded by filing (1) a petition for enforcement alleging that the DOJ had failed to comply with the Reconstruction Order, and (2) an individual right of action ("IRA") claim under the Whistleblower Protection Act ("WPA") contending that the DOJ's pass-over decision constituted illegal retaliation for engaging in protected whistleblowing activities. With regard to the enforcement petition, the Board found that the DOJ had complied with the Reconstruction Order and explained that individuals cannot appeal pass-over decisions to the Board. *Schoenrogge v. Dep't of Justice*, No. DA-3330-09-0467-C-1 (M.S.P.B. Oct. 28, 2010) ("*Initial Enforcement Decision*"); 116 M.S.P.R. 355 (2011) ("*Final Enforcement Decision*"). Addressing the IRA appeal, an AJ issued an initial decision holding that collateral estoppel barred Mr. Schoenrogge's appeal because his arguments concerned disclosures that had already been held ineligible for protection under the WPA. *Schoenrogge v. Dep't of Justice*, No. DA-1221-10-0611-W-1 (M.S.P.B. Nov. 4, 2010) ("*Initial IRA Decision*"). On review, the Board concluded that, although the AJ had erroneously invoked collateral estoppel, the appeal should nonetheless be dismissed because Mr. Schoenrogge failed to make a nonfrivolous allegation of protected whistleblowing activity, thus depriving the Board of jurisdiction to consider his appeal. *Schoenrogge v. Dep't of Justice*, No. DA-1221-10-0611-W-1 (M.S.P.B. May 13, 2011) ("*Final IRA Decision*").

Mr. Schoenrogge timely appealed from both of the Board's decisions, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

We must affirm decisions of the Board unless they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's exercise of jurisdiction is a question of law that we review *de novo. Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

*The Enforcement Decision*

The Reconstruction Order required the DOJ to weigh Mr. Schoenrogge's qualifications in accordance with the VEOA, reconstruct its hiring process, and provide Mr. Schoenrogge with written notice of the outcome. Rather than arguing that the DOJ neglected these requirements, Mr. Schoenrogge's petition for enforcement disputes the merits of and factual bases for the DOJ's pass-over decision, especially the lack of direct testimony from a DOJ official who signed the pass-over request. These arguments are unavailing, however, because the Board cannot review a pass-over decision "irrespective of the reason for the decision." 5 C.F.R. § 332.406(g); *see also Lodge v. Dep't of the Treasury*, 109 M.S.P.R. 614, 618 n.3 (2008).

On the core issue of compliance, the Board reviewed the record and found that the DOJ had satisfied its obligations under the Reconstruction Order. In particular, the Board credited an affidavit submitted by Bridgette Hill, the DOJ Human Resources Specialist responsible for reconstructing the hiring

process, as well as documentary evidence chronicling the pass-over decision and demonstrating appropriate written notice to Mr. Schoenrogge. Mr. Schoenrogge has not directly disputed the Board's findings or offered contrary evidence bearing on the DOJ's compliance with the Reconstruction Order. Accordingly, substantial evidence supports the Board's findings, and we discern no error in the Board's decision to deny Mr. Schoenrogge's petition for enforcement.

### *The IRA Decision*

The Board has jurisdiction over an IRA appeal only if the appellant has "exhausted administrative remedies before the OSC [Office of Special Counsel] and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activities by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take a personnel action as defined by 5 U.S.C. § 2303(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (citations omitted). Non-frivolous allegations "cannot be supported by unsubstantiated speculation in a pleading by the petitioner" and instead require allegations of fact that could establish that a protected disclosure contributed to an adverse personnel action. *See Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

The Board concluded that Mr. Schoenrogge failed to make any non-frivolous allegations of protected disclosures as required to establish jurisdiction over his IRA appeal. Mr. Schoenrogge first contends that he should have been afforded a hearing to substantiate his whistleblowing allegations, but we have held that "[w]hether allegations are non-frivolous is determined on the basis of the written record." *Spencer v. Dep't of the Navy*, 327 F.3d 1354, 1356 (Fed. Cir. 2003). The Board thus properly relied on Mr. Schoenrogge's written submissions in conducting its jurisdictional analysis. Before the

Board, Mr. Schoenrogge described his alleged whistleblowing activities as follows:

> This illegal act [the pass-over request] was in reprisal for my past disclosures of criminal activity to include perjury by the Agency Counsel Charles F. Smith, Reporting Immigration Judges Sean H. Keenan, Thomas M. O'Leary and John Davis for violating federal laws by bringing booze into a prison and ordering falsification of official computer records[.] My past disclosures of witness intimidation committed by a Supervisory Legal Assistant.

Resp't App. at 45. As recognized by the Board, Mr. Schoenrogge's allegations are too conclusory and vague to support IRA jurisdiction—his statement provides only his own subjective conclusions regarding scarcely defined events and offers no context or factual detail about the alleged improprieties, his alleged disclosures, or the nexus between his alleged disclosures and the DOJ's pass-over request. As such, Mr. Schoenrogge has not alleged facts that would establish a violation of the WPA. We also note that, while the Board did not apply collateral estoppel, Mr. Schoenrogge's current whistleblowing allegations largely perpetuate arguments that have been rejected in a previous IRA appeal. *See Schoenrogge*, 148 F. App'x at 943-45. In sum, the Board did not err in dismissing Mr. Schoenrogge's IRA appeal for lack of jurisdiction.

Mr. Schoenrogge's remaining arguments—comprising the bulk of his briefing on both the enforcement petition and the IRA appeal—variously and repeatedly assail the propriety of the DOJ's decision to terminate his employment in 2003. That decision has been upheld with finality, *id.* at 945, and we will not revisit it here.

CONCLUSION

Accordingly, the decisions of the Board are affirmed.

**AFFIRMED**