NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK J. MADIGAN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2024-1815

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-22-0069-I-1.

---

Decided:  January 12, 2026

---

BEN JOHNSON, Pierce Jewett, PLLC, Richmond, VA, for petitioner.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, WALLACH, and STARK, *Circuit Judges*.

PER CURIAM.

Petitioner, Mr. Patrick J. Madigan, brings this Petition to challenge his employment termination for use of his government-issued cellphone in a secure area, and improper, personal, usage of it. The Board's final decision was supported by substantial evidence and in accordance with law. Accordingly, we affirm.

I.

Madigan began working for the Department of the Navy (hereinafter, "the Navy" or "the Agency") in 1992. By the late 1990s, the Agency first issued a cellular telephone, or Personal Electronic Device ("PED"), to Madigan. Madigan worked for the Navy for several decades, and was promoted, ultimately holding the position of Chief Engineer for the Navy's Commander Undersea Surveillance ("CUS"). Madigan and his colleagues operated out of a secure facility.

In March 2021, Lieutenant Commander Joseph Sanders began to investigate a report that Madigan had misused a PED within a secure CUS space. Appx0872:13–23; Appx0886:5–9. As part of the investigation, the Agency confiscated Madigan's PED and uncovered material on it that included sexually graphic images, as well as text messages and images that the Agency contends were both racially insensitive and inappropriate.

On May 14, 2021, the Agency issued Madigan a Notice of Proposed Removal ("the Notice"), asserting a "charge" of "Failure to Follow Instructions." Appx0076–92. This charge was based on 55 "specifications," referring to discrete instances of conduct. The Board described these specifications in three groups. The first 17 of 55 specifications involve Madigan's use of his assigned PED in secured CUS spaces. Appx0004–16. Specifications 18 through 23 pertain to improper PED use due to inappropriate text messages or images. Appx0016–22. Specifications 24 through

55 pertain to improper PED use due to storage of sexually explicit photographs. Appx0022–28. The Notice referenced three documents that provide the specific instructions Madigan was alleged to have failed to follow. *See* Appx0835:10–17. First, "Instruction 2075," which is an Agency policy governing PED use. *See* Appx0710–Appx0730; Appx0076; Appx0087. Second, a Joint Ethics Regulation. Appx0379–Appx0386; Appx0076. Third, a Statement of Understanding ("SOU") presented to Madigan and signed by him when he was issued a phone on May 11, 2020. Appx0387; Appx0088. The Agency upheld its termination decision on August 27, 2021, and removed Madigan from his position effective September 11, 2021. Appx0156–64.

Madigan timely filed an appeal to the Merit Systems Protection Board (Board) on November 9, 2021. Appx0057–140. The Initial Decision of the Board, rendered by an Administrative Judge, upheld the Agency's decision to terminate Madigan. Appx0001–0045.[1] Madigan filed a Petition for Review to the Board on June 8, 2022. The Board's Final Order affirmed the Administrative Judge's Initial Decision and was entered on March 13, 2024. Appx0046–Appx0054.[2] Madigan timely filed his Petition for review with this Court. ECF No. 1; 5 U.S.C. § 7703(b)(1)(A). We have jurisdiction to consider the Petition. 28 U.S.C. § 1295(a)(9).

---

[1]    The Initial Decision of the Board is reported as *Madigan v. Dep't of the Navy*, No. SF-0752-22-0069-I-1, 2022 WL 1448490 (M.S.P.B. May 5, 2022).
[2]    The Final Order of the Board is reported as *Madigan v. Dep't of the Navy*, No. SF-0752-22-0069-I-1, 2024 WL 1110409 (M.S.P.B. Mar. 13, 2024).

## II.

We review a Board decision for whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

## III.

Madigan has not met his burden for this Court to hold unlawful or set aside the findings or conclusions in the Board's Final Order. Our review of the Board's Final Order concludes that it is supported by substantial evidence, is in accordance with law, and is acceptable under our standard of review. Madigan's arguments to the contrary are unpersuasive.

## A.

Madigan first argues that there is a lack of record evidence he was notified of the instructions. The Board made findings that undermine Madigan's supposed lack of knowledge. For example, prior to the investigation, Madigan, acting in his supervisory role, ordered signs posted to the entry doors of the CUS, that stated: "CELLULAR PHONES ARE PROHIBITED IN THIS FACILITY." Appx0008. Additionally, the Board found that Madigan's "claim he unsuccessfully 'strove to keep [his] device on airplane mode to reduce security threats' within the secure CUS space suggests [he] was aware cellular phones were prohibited in the facility to reduce security threats within the secure CUS space." Appx0012. Regarding Madigan's improper use of the PED, the Board attached significance to Madigan signing the SOU that "clarified the PED was a 'government cellular phone' that 'may only be used for official business.'" Appx0018. As such, there was substantial

evidentiary support for the Board's finding that Madigan was properly "instructed not to bring any PEDs into the facility," Appx0014; Appx0016, and to use his assigned PED for only official use and authorized purposes, Appx0018; Appx0022.

## B.

Madigan's second argument is that there was an insufficient nexus between his conduct and the efficiency of his service to justify the disciplinary action taken against him. The limitation of a "nexus" requires the Agency "to show by a preponderance of the evidence that the employee's misconduct is likely to have an adverse effect upon the agency's functioning." *Mings v. Dep't of Justice*, 813 F.2d 384, 389–90 (Fed. Cir. 1987). We review the Board's nexus findings for substantial evidence. *Brown v. Dep't of the Navy*, 229 F.3d 1356, 1358 (Fed. Cir. 2000).

We conclude that the Board's Final Order relied on substantial evidence in affirming the Agency's decision. Evidence showed that Madigan's use of the PED had potential to negatively impact the functioning of CUS. Appx0034. CUS Captain Brian Taddiken, the deciding official at the Agency, testified that he lost trust in Madigan to hold a supervisory and technology-facing role because of the inappropriate cell-phone use. Appx0828:17–Appx0829:22. Furthermore, "it is beyond dispute that" failing "to follow instructions or abide by requirements affects the agency's ability to carry out its mission." *Cobert v. Miller*, 800 F.3d 1340, 1351 (Fed. Cir. 2015). Thus, the nexus determination was supported by substantial evidence.

## C.

Madigan's third argument is that the penalty imposed on him was too severe. "The choice of penalty for employee misconduct is left to the agency's sound discretion." *DeWitt v. Dep't of Navy*, 747 F.2d 1442, 1444–45 (Fed. Cir. 1984). "This court's standard of review of a penalty determination

is whether the penalty is clearly excessive or an abuse of discretion." *Coleman v. U.S. Secret Serv.*, 749 F.2d 726, 729 (Fed. Cir. 1984). Whether an agency imposed an appropriate penalty depends on balancing the relevant factors in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (M.S.P.B. 1981). *Holmes v. U.S. Postal Serv.*, 987 F.3d 1042, 1047 (Fed. Cir. 2021).

The penalty imposed by the Agency and affirmed by the Board was based on substantial evidence. On one hand, Madigan emphasizes his record of formal recognitions and awards as mitigating factors. The Agency and Board, however, determined there were aggravating factors by relying on the charge involving "repeated conduct" and Madigan's "duty to know" and enforce the rules as a supervisor. Appx0036. *See generally Douglas*, 5 M.S.P.R. at 305 (identifying as a factor, "the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position."). The Administrative Judge discussed the competing arguments and noted that the Agency had balanced the factors as well. Appx0037. The Board concluded that the Agency's decision to remove Madigan was reasonable. Appx0037–38. Madigan has not pointed to any error in the Board's analysis.

## IV.

We have considered Madigan's remaining arguments, and do not find them persuasive or do not reach them because they are not necessary to resolve this case. Therefore, for the foregoing reasons, the decision of the Board is:

**AFFIRMED.**