NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TODD SCHOENROGGE,**
*Petitioner,*

v.

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2010-3168

---

Petition for review of the Merit Systems Protection Board decision in case no. PH315H090360-I-1.

---

Decided: December 8, 2010

---

TODD J. SCHOENROGGE, of St. Francis, Kansas, pro se.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before BRYSON, GAJARSA, and LINN, *Circuit Judges.*

PER CURIAM.

This is an appeal from the final order of the Merit Systems Protection Board ("MSPB" or "Board") denying the petition for review of the action in *Schoenrogge v. Dep't of Justice*, Docket No. DE-3330-10-0050-I-1 (M.S.P.B. July 29, 2010), making the initial decision of the Administrative Judge ("AJ") final, except as modified by the Board's final order. Because we agree that Mr. Schoenrogge was properly afforded preferential status as a veteran pursuant to the Veterans Employment Opportunities Act ("VEOA"), that he did not meet the Board's standard for establishing a claim of bias, and that there is no basis for reopening his removal appeal, we *affirm.*

## BACKGROUND

### A. Statement of Facts

Mr. Schoenrogge is a ten-point preference eligible veteran as a result of his non-compensable, service-connected disability. He applied for two Legal Assistant positions with the Executive Office for Immigration Review in Eloy, Arizona ("the agency"), which were posted under both a merit promotion (EOIR-09-0040-MP) and a competitive promotion (EOIR-09-0040-DEU) announcement. Upon closing of the time period for applying for those positions, a human resources management specialist prepared a referral list for each vacancy comprised of the qualified applicants and forwarded those lists to the selecting official. Both lists from which selectees were chosen included Mr. Schoenrogge among the listed candidates. The selecting official chose two individuals not including Mr. Schoenrogge from those lists.

As a result, Mr. Schoenrogge filed a VEOA complaint with the Department of Labor on September 11, 2009.

After investigating the complaint, the Department of Labor found "no violation of any laws relating to veterans' preference."

## B. Course of Proceedings Below

On November 2, 2009, Mr. Schoenrogge appealed to the MSPB alleging that the agency violated his veterans' preference rights regarding his application for two Legal Assistant positions. Mr. Schoenrogge submitted a request for a hearing in which he outlined his qualifications for the positions and attacked the selecting official's character. The agency responded and filed declarations explaining its compliance with veterans' preference procedures. The AJ issued an order setting a date to close the record and ordered the agency to submit the referral lists. The AJ noted that the agency's submissions demonstrated compliance with veterans' preference procedures and stated "it appear[s] a hearing may not be necessary."

After the agency submitted the referral lists, Mr. Schoenrogge filed a motion for interlocutory appeal to challenge the Board's denial of a hearing. In that motion, Mr. Schoenrogge accused the selecting official of racism and asserted that a hearing was necessary for him to prove that his "applications were not evaluated correctly without bias and that the Agency intentionally failed to credit [his] full range of knowledge, skills, abilities and experience." Mr. Schoenrogge then submitted a motion for directed verdict based on his qualifications and a supplementation of the record stating that those qualifications were not considered.

Mr. Schoenrogge also complained that the agency had not submitted certain referral lists for the available positions, which were limited to the GS-6 level. Mr. Schoenrogge later obtained those referral lists from the agency and added them to the record. He also submitted

affidavits alleging that the selecting official had not selected from those referral lists limited to GS-6 level candidates. Premised upon the submitted affidavits, Mr. Schoenrogge accused the selecting official and the human resources management specialist of perjury by providing contradictory testimony. Moreover, he challenged the qualifications of one of the individuals selected, claiming she was not disabled.

The AJ reopened the record to consider whether there was evidence that the individual selected was disabled. The agency responded by submitting a rating letter from the Department of Veterans Affairs ("VA") stating that the individual selected had a thirty percent disability rating. Mr. Schoenrogge in response asserted that the individual selected had not submitted a Standard Form 15 ("SF-15") supporting her disability, thus alleging that the individual had committed fraud by claiming to be disabled and referring the alleged fraud to the VA. Mr. Schoenrogge also alleged that the selectee was chosen because of improper behavior with the selecting official.

Finally, Mr. Schoenrogge moved for the disqualification of the AJ and the reopening of the Board's decision that removed Mr. Schoenrogge from Federal Service in 2003.

Without a hearing, the AJ reviewed and considered all of Mr. Schoenrogge's VEOA allegations. The AJ concluded that the first Legal Assistant position announcement, posted under EOIR-09-0040-MP, was filled under merit promotion procedures. The AJ noted that a veteran competing for a merit promotion competition is entitled only to the right to compete, not to ranking preferences. *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1382 (Fed. Cir. 2007). Because Mr. Schoenrogge's name appeared on the referral list from which the select-

ing official selected a candidate, the AJ concluded that "the agency did not violate the appellant's rights under the VEOA."

Regarding the second Legal Assistant position posted under EOIR-09-0040-DEIU, the AJ described how the competitive process was followed and concluded that "the agency properly ranked and considered the candidates . . . in accordance with veterans' preference rules." With respect to both positions, the AJ concluded that "the appellant has failed to show that the agency violated his rights under any statute or regulation relating to veterans' preference with respect to either of the two Legal Assistant positions at issue."

The AJ also addressed all other allegations, none of which was determined to be material to Mr. Schoenrogge's VEOA claim, and none "create a genuine issue of material fact regarding the issues pertinent to the appeal."

With respect to Mr. Schoenrogge's only point relevant to the VEOA claim, the disability qualification of the selectee, the AJ concluded that "[o]ther than his bare and unsupported assertions, the appellant presented nothing suggesting that [the selectee] . . . is not a 30% disabled veteran." The AJ explained that "[b]ecause the selectee and the appellant are in the same preference category, the appellant has no greater preference rights . . . [and] has not established a violation of his rights relating to veterans' preference." The AJ noted that to the extent Mr. Schoenrogge was claiming the agency's decision not to select him was a prohibited personnel practice, the MSPB lacked jurisdiction to consider such allegations.

Mr. Schoenrogge filed a petition for review before the full Board. The Board denied the petition for review but modified the initial decision by holding that petitioner

had not met the Board's standard for establishing a claim of bias. *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). The Board also affirmed the AJ's conclusion that Mr. Schoenrogge "provided no support for his assertion that . . . [the selectee] is not a disabled veteran." Additionally, it denied Mr. Schoenrogge's request to reopen the case related to his 2003 removal. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court may reverse a decision of the MSPB only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005).

Mr. Schoenrogge's first contention is that he "was not provided full credit for all . . . [his] experience," specifically alleging that "the record shows my application was never reviewed by agency human resources personnel." However, the AJ found that a human resources specialist prepared referral lists containing Mr. Schoenrogge's name and forwarded those lists to the selecting official for review. This finding is supported by substantial evidence, as the human resources specialist submitted an affidavit stating that she reviewed the applications and forwarded them to the selecting official. Furthermore, the selecting official also submitted an affidavit stating she received the lists from the human resources management specialist.

Mr. Schoenrogge contends that the AJ improperly determined that the selected individual was a disabled veteran, alleging that the selectee in question is not

disabled. He made several allegations regarding the disability and character of the selected individual, but these were considered by the AJ and found to be without merit.

Mr. Schoenrogge also asserts that the AJ ignored evidence of alleged inconsistencies in witness testimony related to the number of referral lists that were created in this case. However, the AJ explained that "[a]lthough the appellant believes the affidavits submitted are not credible because they are inconsistent, I find that none of the alleged inconsistencies are material to the outcome of the appeal." Further, the AJ found that the additional referral lists are irrelevant to appellant's claim because Mr. Schoenrogge's name was included on the lists from which both selectees were chosen. Thus, the AJ considered the alleged inconsistency in witness testimony and correctly concluded that it is immaterial to Mr. Schoenrogge's VEOA claim.

Mr. Schoenrogge additionally argues that the AJ failed to consider his allegations involving the allegedly racist and criminal character of the selecting official. However, the AJ correctly explained that the MSPB does not have jurisdiction to consider an agency's alleged violation of prohibited personnel practices. *Ruffin v. Dep't of Treasury*, 89 M.S.P.R. 396, 400 (2001) ("The provisions of VEOA give the Board no authority to adjudicate the merits of any personnel action.").

Mr. Schoenrogge's only legal argument concerning his non-selection is that the AJ denied him a hearing under 5 U.S.C. § 7701(a)(1) "even though the record proves that there are genuine issues of material fact in dispute." This court has held that the provisions of § 7701 do not universally apply whenever the Board has jurisdiction over an appeal: "absent a reference to 5 U.S.C. § 7701 in the

statute giving rise to the right of action . . . some of its guidelines, whether procedural or substantive, may apply to an action without invoking all of them." *Kirkendall v. Dep't of Army*, 479 F.3d 830, 846 (Fed. Cir. 2007) (citing *Lindahl v. Office of Pers. Mgmt.*, 776 F.2d 276 (Fed. Cir. 1985)). Unlike a claimant filing appeal under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), this court has held that

> [T]he VEOA does not contain any language relating to a "hearing" comparable to the language in USERRA that the plurality in *Kirkendall* . . . relied upon to find an unconditional right to a hearing in a USERRA appeal. *Compare* 5 U.S.C. §§ 3330a-3330c *with* 38 U.S.C. § 4324(c)(1). Accordingly, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law.

*Haasz v. Dep't of Veterans Affairs*, 108 M.S.P.R. 349, 353 (2008) (citations omitted). Mr. Schoenrogge does not dispute any facts relevant to his VEOA claim. The AJ determined that the request for a hearing was to question the selecting official and selectee about issues not pertinent to the merits of the selection process. It was not error for the AJ to deny Mr. Schoenrogge a hearing.

On limited review the full Board considered Mr. Schoenrogge's arguments that the AJ was biased against him and that the Board should reopen its earlier decision removing him in 2003. Because Mr. Schoenrogge's only complaints about the AJ relate to her findings of fact and legal rulings, the Board correctly held that such determinations related to the case being adjudicated do not rise to the level of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted) (explaining that "judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion").

Lastly, Mr. Schoenrogge sought to reopen a case that this court decided in 2005. *Schoenrogge v. Dep't of Justice*, 148 F. App'x 941 (Fed. Cir. 2005). The Board correctly held that reopening of the earlier case is not warranted because there was no basis to reopen that earlier, unrelated appeal. The "general rule is that any reopening should be obtained within a short and reasonable time period, measured in weeks, not years." *Brewer v. Office of Pers. Mgmt.*, 75 M.S.P.R. 163, 169 (1997).

We have considered Mr. Schoenrogge's other arguments and found them to be without merit. Because there was substantial evidence for the AJ to conclude that the agency properly afforded Mr. Schoenrogge with preferential status as a veteran in accordance with the VEOA, we affirm.

COSTS

No costs.