NOTE: This opinion is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ROBERT DONNELL DONALDSON,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2012-3106

---

Petition for review of the Merit Systems Protection Board in consolidated case nos. DC3330110367-I-1, DC4324110475-I-1, and DC3330110637-I-1.

---

Decided: October 4, 2012

---

ROBERT DONNELL DONALDSON, of Landover, Maryland, pro se.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting

Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

———————

Before NEWMAN, CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Robert Donnell Donaldson ("Donaldson") seeks review of the final decision of the Merit Systems Protection Board ("Board") which sustained the decisions of an Administrative Judge in three individual appeals brought by Donaldson. In the appeals, Donaldson alleged violations of his rights under the Veterans Employment Opportunities Act of 1998 ("VEOA") and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). The Administrative Judge denied Donaldson's claims of violation in each of the three appeals. The Board consolidated the three appeals for decision when Donaldson petitioned for review of the Administrative Judge's decisions, and sustained the rejection of Donaldson's alleged statutory violations. *Donaldson v. Dep't of Homeland Security*, Docket. Nos. DC-3330-11-0367-I-1, DC-4324-11-0475-I-1, DC-3330-11-0637-I-1 (March 30, 2012). We have jurisdiction under 28 U.S.C. 1295 (a)(9). We must affirm the Board's final decision unless we determine that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). We *affirm*.

I

As the parties are familiar with the facts of this case, we need recite here only the facts necessary to frame and decide the issues Donaldson presents on appeal.

Donaldson is a 30% disabled veteran entitled to certain rights under VEOA and USERRA. He applied for the advertised position of Marine Transportation Specialist, GS 12/13, with the U.S. Coast Guard in Washington, D.C. The Department of Homeland Security ("agency") interviewed each of the best qualified applicants, including Donaldson. The agency determined that Donaldson lacked the technical expertise necessary to succeed at the position.

As a result of his veteran's preference, Donaldson was number one on the certificate of eligibles, but nevertheless the agency did not select him for the vacancy. Instead, the selecting official submitted a request to the agency's Human Resources Department to pass over Donaldson in favor of non-veteran applicant, on the ground that Donaldson was not qualified for the position. The Human Resources Department rejected the request, noting that a 30% disabled veteran need be only minimally qualified, and therefore must be selected over non-veterans. The Human Resources Department further advised the selecting official of an option: not to select Donaldson and request permission to re-advertise the opening. Consequently, the agency did not select Donaldson, cancelled the vacancy announcement to which Donaldson had replied, re-advertised the position, and selected a non-veteran for the vacancy.

On February 9, 2011, Donaldson filed two appeals with the Board. In one appeal, he argued that the agency violated his veterans' preference rights under VEOA by not selecting him for the Marine Transportation Specialist job. Because Donaldson had not exhausted his administrative remedies with the Department of Labor before filing his VEOA suit, the Board dismissed his VEOA suit for want of jurisdiction. On May 20, 2011, after exhausting his administrative remedies, Donaldson re-filed his VEOA suit with the Board. Donaldson's second action before the Board asserted that the agency failed to select him for the vacancy on the basis of his prior performance of military service, in violation of USERRA.

A hearing was conducted on Donaldson's USERRA complaint on June 23, 2011. To prevail on his USERRA suit, Donaldson was obligated to prove, by a preponderance of the evidence, that his military experiences were a substantial or motivating factor in the agency's decision not to select him. *See* 38 U.S.C. § 4311(a). At the hearing, agency officials testified that Donaldson was passed over for the job because he was not qualified, citing statements Donaldson made during his interview that he did not have the expertise for the job and their own independent assessments of his qualifications for the job. Donaldson however testified that he believed his former military service was a motivating factor in the agency's decision to pass him over. The administrative judge weighed the conflicting testimony and found the agency's testimony more credible and consistent with the record, which included notes taken during the Donaldson's interview. The Administrative Judge concluded that the record failed to show evidence that "the agency has either expressed hostility towards or engaged in a conspiracy against military members

protected by USERRA" and "the credible evidence showed that, rather than his military status, the appellant's inexperience in commercial maritime matters along with his limited experience in drafting regulations and providing technical advice on issues related to the manning and training of personnel working on commercial vessels was his downfall." Consequently, the Administrative Judge ruled on July 22, 2011, that Donaldson failed to sustain his claim for relief under USERRA.

On July 29, 2011, the Administrative Judge ruled on Donaldson's re-filed VEOA case. Donaldson alleged that the agency's actions in passing him over violated his procedural rights under 5 U.S.C. § 3318 and his right to compete for the position under 5 U.S.C. § 3304(f)(1). As for his procedural rights, Donaldson argued that the agency erred in not giving him notice of its attempt to pass him over internally to select non-veterans for the job. The Administrative Judge rejected this argument because the relevant statute, 5 U.S.C. § 3318(b), provides for notice to the veteran applicant if the agency seeks permission from the Office of Personnel Management ("OPM") to pass over a veteran with preference, and here the agency never sought such permission from OPM. The Administrative Judge held that the right-to-compete statute did not include a right to win the competition, but instead guaranteed a right to be considered on the merits. Reasoning that the agency here afforded that right to Donaldson, the Administrative Judge rejected Donaldson's second VEOA claim. Donaldson sought review before the full Board.

II

The full Board minimally reviewed the decision of the Administrative Judge in the USERRA and VEOA cases. As for the USERRA appeal, the full Board agreed with the Administrative Judge that Donaldson failed to show that his military status was a substantial or motivating factor in the agency's decision not to select him for the job. Citing *Abell v. Dep't of the Navy*, 343 F.3d 1378 (Fed. Cir. 2003), the full Board held that so long as the agency ranked Donaldson on the certificate of eligibles and gave him the opportunity to compete for the position, its decision to cancel the vacancy announcement rather than offer him the position did not violate his VEOA rights. The full Board also rejected new arguments made by Donaldson regarding the re-advertising of the position and the selection of a non-veteran, Roger Henderson. The rejection was based on Donaldson's failure to raise the new arguments before the close of the record in the two cases, even though Donaldson was aware of the facts of Henderson's selection before close of the record. The full Board also rejected Donaldson's argument that it erred by not consolidating Donaldson's two appeals challenging the agency's action on the re-advertisement with the three initial appeals.

III

Donaldson timely petitioned for review in this court. We greet his arguments under our standard of review, stated above, and we conclude for the reasons that follow that the Board committed no error in rejecting Donaldson's requests for corrective action under VEOA and USERRA, or in declining to consider

Donaldson's untimely arguments and to consolidate the other two appeals.

Donaldson has filed extensive *pro se* briefs with this court, and the agency has responded. Donaldson makes three primary arguments.[1] First, he reasserts violation of his VEOA rights by the agency for not having notified him that the selecting official sought internal permission to pass him over and select a non-veteran applicant. He also argues that his VEOA rights were violated when an agency employee allegedly tried to discourage him from applying for the advertised position. Donaldson further argues that he was subjected to retaliation for having made a protected disclosure, with the retaliatory act being the hiring of Roger Henderson for the position. This argument relates to the Board's refusal to consider the arguments based on Henderson's hiring, because the arguments had not been timely raised before the Board. Finally, Donaldson argues again that the Board erred in deciding his appeals "piecemeal" when it did not consolidate the two appeals challenging the re-advertisement with the previous three appeals. We consider Donaldson's arguments in turn.

---

[1] Donaldson's briefs do not directly challenge the Board's conclusion that he failed to sustain his burden of proof on the USERRA appeal, which argued that his military status was the reason for the agency's adverse action. Because Donaldson is appearing without counsel, we will treat him as having indirectly challenged the Board's USERRA decision. Like the Board, we conclude that the evidence of record fails to show that the agency acted out of animus towards Donaldson because of his military status. Instead, substantial evidence shows the agency acted as it did because it deemed him not qualified for the job. The Board's denial of remedial action under USERRA is correct.

A

As for Donaldson's prime VEOA challenges, we agree with the Board that 5 U.S.C. § 3318(b) only applies when an agency seeks permission from OPM to pass over a veteran with veterans' preference. Because the agency here did not seek OPM approval, the agency was not obligated to notify Donaldson of its internal actions. We note, in addition, that Donaldson has not shown harm to him from failure of the agency to give him notice of its internal proceedings. Indeed, Donaldson became aware of the agency's actions and brought his basic VEOA claim because he was not awarded the job. We nevertheless treat Donaldson as making a broader VEOA challenge, namely that the agency should not be able to cancel a job announcement as a way of denying a veteran his right to a job when he is sufficiently qualified to be listed on the certificate of eligibles, as he was in this case. We thus understand Donaldson to argue that where an agency cancels a job announcement and re-advertises the job as a means of avoiding the appointment of the eligible veteran, it violates the veteran's VEOA rights.[2]

Donaldson's broader VEOA challenge is precluded by the decision of this court in *Abell v. Dep't of the*

---

[2] Donaldson's separate VEOA argument that an agency employee sought to discourage him from applying for the job seems connected to the challenge he made before the Board that his right to compete under 5 U.S.C.§3304(f)(1) was violated in this case. As the Board found, Donaldson was afforded the right to be considered on the merits, regardless of whether an agency employee sought to convince him not to compete. Further, Donaldson's allegation that an agency employee tried to dissuade him from applying for the job is not borne out on the record before us.

*Navy*, 343 F.3d 1378 (Fed. Cir. 2003), for the reasons we explain below. Indeed, Mr. Donaldson recognizes as much, as he argues in his brief that *Abell* should be overruled.

Like Donaldson, Barry Abell was on a certificate of eligibles for an advertised job as a result of his veterans' preference. The agency interviewed Abell along with others including applicants who did not have veterans' preference. The agency decided that it wanted to pass over Abell in favor of other candidates, because it considered Abell not qualified for the position and lacking necessary experience. As in this case, the agency in *Abell* did not seek OPM approval to pass the veteran over; instead, as here, it sought permission within the agency to do so, and like here, the selecting official was told that the vacancy could be cancelled and readvertised as a way of avoiding selection of Abell. In the end, the agency cancelled the vacancy without selection of Abell, thus effectively passing him over. The facts in *Abell* do not relate whether the agency subsequently re-advertised the position and selected a non-veteran over a qualified veteran with preference. Abell sought relief under VEOA with his suit to the Board. The Board rejected his claim, and Abell appealed to this court.

Abell argued first that the agency violated his VEOA rights under 5 U.S.C. § 3318(b) by not notifying him of its intention to pass him over. We held, as we do in this case, that the notification rights only apply when pass over permission is sought from OPM. Abell's broader challenge was that the agency violates VEOA when it cancels a job vacancy announcement for the purpose of passing over a preference eligible veteran who otherwise would get the job. Donaldson finds

himself in the same predicament as Abell. Here, there can be no question that the agency avoided hiring Donaldson on purpose by withdrawing the job vacancy: the same was true in *Abell*.

We held in *Abell* that an agency is "not required to hire a preference eligible veteran, if, as was the case here, it does not believe that the candidate is qualified or possesses the necessary experience." 343 F.3d at 1384. We concluded that the agency's decision not to hire Abell and to cancel the job announcement was based on a good faith reason supported by the record, and did not violate Abell's VEOA rights.

The facts in this case are not materially different from those in *Abell*. Here, the agency intentionally passed Donaldson over by refusing to hire him and by cancelling the vacancy for which he had applied. The agency did so, as the Board found, and as the record amply supports, because it deemed Donaldson to lack the experience necessary to do the job. The same good faith reason for the blatant pass over of Donaldson exists here, and we are bound by precedent to conclude that the agency did not violate Donaldson's VEOA rights. The fact that the agency here proceeded to re-advertise the job and again pass Donaldson over does not afford Donaldson a remedy in this case. Indeed, he has challenged the Board's actions on the re-advertisement in two separate appeals to the Board. The consequences of the re-advertisement and job award to Roger Henderson are not before us.

We thus affirm the Board's final decision that on the record before us Donaldson has not sustained his claim to violation of his VEOA and USERRA rights.

B

Donaldson seeks to present a whistleblower cause of action on appeal to this court. He asserts that his complaint to the Department of Labor that the agency had violated his VEOA rights is a protected disclosure, and that the subsequent hiring of Roger Henderson was an act of reprisal against Donaldson for having made the protected disclosure. Whether Donaldson's whistleblower contention has merit is not before us, because, as the Board found, a key part of the factual underpinning of the claim — the circumstances of Henderson's hiring — was not before the Board. Donaldson failed to bring the necessary facts forward to support his claim before the record closed. The Board thus declined to consider Donaldson's new whistleblower complaint, and we cannot conclude that the Board abused its discretion in refusing to consider arguments not supported by the record before it. Furthermore, although Donaldson may be correct that his complaint to the Department of Labor is a protected disclosure, no finding of such exists in the record. Nor has the agency been given an opportunity to show that the alleged act of reprisal would have been taken notwithstanding the protected disclosure. In short, the basis on which a violation of Donaldson's whistleblower rights might be shown has yet to be created on a factual record. For that reason, we dismiss Donaldson's hypothetical whistleblower contention without reaching its merits. As the agency notes in its brief, Donaldson brought two appeals concerning the propriety of Henderson's selection.

C

As before the Board, Donaldson here argues that the Board committed reversible error by not consolidat-

ing his two appeals concerning the re-advertisement and appointment of Henderson with the three appeals the Board did consolidate. The Board possesses wide discretion in determining how best to manage its docket. Because the record before the Board in the three consolidated appeals did not contain the factual information necessary to adjudicate the two additional appeals, the Board properly declined to grant Donaldson's request for consolidation. Furthermore, the Board has since decided adversely to Donaldson the two appeals for which Donaldson here seeks consolidation. Donaldson is free to pursue review of the decisions in those two appeals, and no purpose would be served by remanding this case to the Board for purposes of consolidating two decided appeals with the three appeals already decided and reviewed here.

We have carefully reviewed the arguments presented by Donaldson and conclude that the Board did not err in sustaining the denial of his claims for relief under VEOA and USERRA. We therefore *affirm* the final decision of the Board.

## AFFIRMED

### COSTS

No costs.