NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT DONNELL DONALDSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor.*

---

2012-3161

---

Petition for review of the Merit Systems Protection Board in No. DC1221120087-W-1.

---

Decided: July 11, 2013

---

ROBERT DONNELL DONALDSON, of Landover, Maryland, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were

JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director.

————————————

Before LOURIE, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

## DECISION

Robert Donnell Donaldson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied Mr. Donaldson's petition for review of the decision of an administrative judge ("AJ"). The AJ dismissed for lack of jurisdiction Mr. Donaldson's claim for relief under the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.) ("WPA"). *See Donaldson v. Dep't of Homeland Sec.*, No. DC-1221-12-0087-W-1 (M.S.P.B. June 21, 2012) ("*Final Decision*"). We *affirm*.

## DISCUSSION

### I.

Mr. Donaldson is a disabled veteran who, in response to a vacancy announcement posted in February of 2011, applied for a position as a Marine Transportation Specialist with the Coast Guard.[1] After interviewing two candi-

————————————

[1] This vacancy announcement was a re-posting of one of the positions at issue in prior appeal 2012-3106, reported at *Donaldson v. Department of Homeland Securi-*

dates (but not Mr. Donaldson), the Department of Homeland Security (the "agency") offered the position to a retired Coast Guard Lieutenant Commander, who accepted the position.

## II.

Mr. Donaldson appealed his non-selection to the Board and requested a decision on the written record. On October 3, 2011, the AJ assigned to the case issued a close of record order that (1) allowed the parties to provide additional information until the record closed a month later, and (2) informed Mr. Donaldson of what was required to prove that the agency had violated his veterans' preference rights. On October 13, 2011, the agency submitted a narrative response to Mr. Donaldson's claims, as well as certain supporting documentation. In response, Mr. Donaldson filed a closing submission in which he alleged that, with the non-selection, the agency not only had violated his veterans' preference rights under the Veterans Employment Opportunities Act of 1998, 5 U.S.C. §§ 3330a–3330c ("VEOA") (as he had already alleged) but that it also had retaliated against him for allegedly protected whistleblowing activity.[2] Mr. Donaldson stated that he had raised these latter allegations (the "Whistleblower Claims") with the Office of Special Counsel. The AJ then docketed a separate individual right of action appeal under the WPA to address the Whistleblower Claims.

On November 4, 2011, the AJ issued a jurisdictional show cause order that explained to Mr. Donaldson his jurisdictional burden with respect to the Whistleblower Claims and that required him to set forth his arguments

---

*ty*, 495 F. App'x 53 (Fed. Cir. Oct. 4, 2012), cert. denied, ___ S.Ct. ___, 2013 WL 673877 (June 24, 2013).

[2] Mr. Donaldson's original claims (the "VEOA Claims") are at issue in our appeal No. 2012-3160.

regarding jurisdiction. In response, Mr. Donaldson stated, in relevant part:

- The agency took retaliation against the appellant for filing a complaint to competent authority (the Merit System [sic] Protection Board . . . , the Department of Labor, the Office of Special Counsel)

                        * * *

- In the appellants [sic] submission(s) to the Office of Special Counsel, the appellant specifically mentioned and OSC addressed 5 U.S.C. § 2302.

Intervenor App. 67.

The agency responded by arguing that Mr. Donaldson's allegation that "the Agency retaliated against him for filing appeals to the MSPB . . . does not constitute protected disclosures." Resp't App. 45. After considering the parties' submissions, the AJ dismissed for lack of jurisdiction. *See Donaldson v. Dep't of Homeland Sec.*, No. DC-1221-12-0087-W-1 (Dec. 16, 2011) ("*Initial Decision*"). First, the AJ set forth the applicable law requiring a party seeking review of whistleblower claims to establish jurisdiction before the Board by demonstrating exhaustion of administrative remedies and by making non-frivolous allegations that (1) he or she engaged in protected whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8)[3] and that (2) the

---

[3]   The version of this section effective from October 14, 2008, to December 27, 2012, states:

Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority . . . take or fail to take, or threaten to take or fail to take, a personnel action with respect to

disclosure was a contributing factor in an agency's decision to take or fail to take a personnel action. *See Initial Decision* at 4 (citing *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001)).

The AJ found that Mr. Donaldson's Whistleblower Claims were to the effect that the agency had failed to select him based on (1) the filing of an earlier appeal with the Board from an earlier non-selection and (2) the filing of complaints related to the non-selection with the Department of Labor and the Office of Special Counsel under the VEOA and the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301–35 ("USERRA"). *Initial Decision* at 6. The AJ concluded that filing a Board appeal is not a protected disclosure under 5 U.S.C. § 2302(b)(8), but rather falls under

---

any employee or applicant for employment because of (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences (i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, if such disclosure is not specifically prohibited by law and if such information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs; or (B) any disclosure to the Special Counsel, or to the Inspector General of an agency or another employee designated by the head of the agency to receive such disclosures, of information which the employee or applicant reasonably believes evidences (i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

5 U.S.C. § 2302(b)(9),[4] which protects an employee from retaliation for exercising appeal, complaint, or grievance rights, but does not provide an independent basis for Board jurisdiction. *Initial Decision* at 6–7. At the same time, the AJ concluded that complaints under the VEOA and the USERRA also are covered under § 2302(b)(9), and thus do not provide an independent basis for Board jurisdiction. *Initial Decision* at 7. Because Mr. Donaldson had failed to establish that he had engaged in protected whistleblowing activity by making a protected disclosure, the AJ dismissed for lack of jurisdiction.

Mr. Donaldson petitioned the Board for review. In the *Final Decision*, the Board denied the petition. *Final Decision* at 3. Specifically, the Board found that Mr. Donaldson's "activities of filing appeals with the Board and complaints with the Department of Labor are activities that are protected by § 2302(b)(9)(A)," and that Mr. Donaldson failed to make a non-frivolous allegation that

---

[4]    The version of this section effective from October 14, 2008, to December 27, 2012, states:

> Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority . . . take or fail to take, or threaten to take or fail to take, any personnel action against any employee or applicant for employment because of (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation; (B) testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph (A); (C) cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law; or (D) for refusing to obey an order that would require the individual to violate a law.

these activities constituted protected disclosures under § 2302(b)(8). *Final Decision* at 2 (citing *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1575–76 (Fed. Cir. 1996)). Finding that Mr. Donaldson had not engaged in protected whistleblowing activity by making a protected disclosure, the Board declined to address the second prong under *Yunus*—whether Mr. Donaldson alleged that a protected disclosure was a contributing factor in his non-selection. *Final Decision* at 2. The Board found that it lacked jurisdiction over claims under § 2302(b)(9) in the absence of an otherwise appealable action. *Final Decision* at 3.

With the petition for review denied, the *Initial Decision* became the final decision of the Board. *See id.* at 3. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). An appellant before the Board has the burden to establish jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *See Johnson v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

## IV.

Mr. Donaldson argues that the Whistleblower Claims constituted allegations under either § 2302(b)(8) or § 2302(b)(9), and that, by docketing a separate appeal for the Whistleblower Claims, the AJ created a jurisdictional issue that did not exist prior to bifurcation. We disagree.

The Board's jurisdiction is not plenary. Rather, it is limited to actions designated as appealable to the Board "under any law, rule, or regulation." *See Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (citing 5 U.S.C. § 7701(a)). "An agency's failure to select an applicant for a vacant position is generally not appealable to the Board." *Prewitt*, 133 F.3d at 886. Certain exceptions to this general rule, however, do exist.

Under one such exception, a potential employee can seek Board review of allegations that he or she was not selected based on a disclosure protected under § 2302(b)(8). *See id.* (citing 5 U.S.C. § 1221(a)). Under another exception, a potential employee can petition the Board to review allegations that a non-selection violated the VEOA or the USERRA. *See Ruffin v. Dept. of Treasury*, 89 M.S.P.R. 396, 400–01 (2001). In cases involving both of these exceptions, the Board will docket a separate individual right of action appeal for the claims under § 2302(b)(8). *See Wooten v. Dep't of Veterans Affairs*, 96 M.S.P.R. 671, 675 n.* (2004).

Under the law effective at the time of Mr. Donaldson's claims, generic retaliation claims under § 2303(b)(9)—asserting that an agency retaliated based on the filing of an appeal, complaint, or grievance—did not constitute an exception to the general lack of Board jurisdiction for claims based on a non-selection.[5] Instead, remedies for such claims were limited to filing a request for corrective action with the Office of Special Counsel, as Mr. Don-

---

[5] Although the parties did not address the issue, we note that Congress amended 5 U.S.C. § 1221(a), effective December 27, 2012, to provide an individual right of action under §§ 2302(b)(9)(A)(i), (B), (C), and (D). *See* Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, 1465 (2012). Prior to that effective date, § 1221(a) only provided an individual right of action under § 2302(b)(8).

aldson did here.  *See Shaver v. Dep't of the Air Force*, 106 M.S.P.R. 601, 605 n.3 (2007) (citing 5 U.S.C. § 1214).

The question of Board jurisdiction over the Whistle-blower Claims at issue here thus turns on whether those claims fall under § 2302(b)(8) or § 2302(b)(9).  If under the former, the Whistleblower Claims (removed into a separate appeal by the AJ) could properly stand alone as a separate individual right of action appeal.  *See Wooten*, 96 M.S.P.R. at 675 n.*.  If under the latter, for reasons discussed above, the Board could not exercise jurisdiction, whether or not the AJ had separated those claims into their own appeal apart from the VEOA claims.  *See Schoenrogge v. Dep't of Justice*, 410 F. App'x 314, 318 (Fed. Cir. 2010) (noting that the Board "correctly explained that [it] does not have jurisdiction to consider an agency's alleged violation of prohibited personnel practices [in a VEOA action]"); *Ruffin*, 89 M.S.P.R. at 400–01 (discussing the lack of authority to review claims of prohibited discrimination in USERRA and VEOA cases).

We see no error in the Board's conclusion that Mr. Donaldson's Whistleblower Claims fall under § 2302(b)(9), and therefore, under the law applicable to this appeal, do not support jurisdiction.  *See Final Decision* at 2–3.  As set forth above, in response to the show cause order, Mr. Donaldson clearly alleged that the agency failed to select him in retaliation for filing a Board appeal as well as filing complaints with the Department of Labor and Office of Special Counsel.  Mr. Donaldson relies only on these activities and does not allege a separate protected disclosure, such as the disclosure of information under § 2302(b)(8).

This court has previously noted that, in "enacting sections 2302(b)(8) and 2302(b)(9)(A), Congress purposefully drew a distinction between 'reprisal based on disclosure of information and reprisal based upon exercising a right to complain.'  The former is covered in section 2302(b)(8), the latter in section 2302(b)(9)(A)."  *Serrao*, 95 F.3d at 1575 (quoting *Spruill v. Merit Sys. Prot. Bd.,* 978 F.2d 679, 690

(Fed. Cir. 1992)) (internal citations omitted); *see also Luecht v. Dep't of the Navy*, 87 M.S.P.R. 297, 302 (2000) (noting that "filing appeals with the [MSPB] and grievances are activities protected under (b)(9) and not as whistleblowing under (b)(8)"). For these reasons, the Board did not err in finding no jurisdiction over the Whistleblower Claims under the applicable law. We have considered the other arguments raised by Mr. Donaldson and do not find them persuasive.

Because the Board properly found no jurisdiction over the Whistleblower Claims, we need not address the merits of those claims. In addition, we do not address the merits of Mr. Donaldson's arguments related to the VEOA Claims, which are at issue in the companion appeal, No. 2012-3160, and addressed in our decision in that appeal.

## V.

Because the final decision of the Board in this case is supported by substantial evidence and is free of legal error, it is *affirmed*.

## AFFIRMED

### COSTS

No costs.