**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT DONNELL DONALDSON, <br> Appellant, | DOCKET NUMBER <br> DC-1221-12-0356-B-1 |
| v. | |
| DEPARTMENT OF HOMELAND <br> SECURITY, <br> Agency. | DATE: September 16, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Donnell Donaldson, Landover, Maryland, pro se.

Lorna J. Jerome, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the remand initial decision, which denied corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  For the following reasons, we VACATE the remand initial decision and DISMISS the appeal for lack of jurisdiction.

¶2      The appellant has filed a number of Board appeals concerning his nonselection to Marine Transportation Specialist positions with the U.S. Coast Guard, alleging, among other things, that his nonselection was due to discrimination on the basis of his military status, a violation of his veterans' preference rights, and in retaliation for protected whistleblowing.  MSPB Docket Nos. DC-4324-11-0475-I-1, DC-3330-11-0367-I-1, DC-3330-11-0637-I-1, DC-3330-11-0636-I-1, DC-3330-11-0862-I-2, DC-1221-12-0087-W-1, DC-300A-12-0619-I-1.  The appellant has not prevailed before the Board or our reviewing court in any of his prior Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA), Veterans Employment Opportunities Act of 1998 (VEOA), or IRA appeals.[2]

---

[2] *See Donaldson v. Department of Homeland Security*, 528 F. App'x 986 (Fed. Cir. 2013) (nonprecedential); *Donaldson v. Merit Systems Protection Board*, 527 F. App'x 945 (Fed. Cir. 2013) (nonprecedential); *Donaldson v. Department of Homeland Security*, 495 F. App'x 53 (Fed. Cir. 2012) (nonprecedential); *see also Donaldson v.*

¶3    The appellant filed the instant appeal alleging in part that his nonselection in June 2011 was in retaliation for allegedly protected disclosures that he made to the Board and the Department of Labor (DOL) in February 2011.[3]   The administrative judge dismissed the IRA appeal for lack of jurisdiction, and we remanded for further analysis of the appellant's whistleblower claim in light of the Whistleblower Protection and Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, which expanded the definition of a protected disclosure.[4]   MSPB Docket No. DC-1221-12-0356-W-1, Remand Order (June 10, 2013).   In our Remand Order, we noted that the WPEA §§ 101(b)(1), (b)(2)(B), which concern changes to 5 U.S.C. §§ 1221(a), 1221(e)(1), and 2302(b)(9), might affect whether the appellant's February 2011 DOL complaint and Board appeal constitute protected activity if the relevant WPEA provisions have retroactive effect.   Remand Order at 5 n.4.   We instructed the administrative judge to analyze the appellant's complaints to the Board and DOL under 5 U.S.C. § 2302(b)(9) and address the retroactivity question to determine whether the appellant's IRA appeal should be resolved on the merits.   Remand Order at 5 n.4, 9.

¶4    On remand, the administrative judge found that the WPEA amendments to 5 U.S.C. § 2302(b)(9)(A) applied retroactively, citing the Board's decision in *Day*

---

*Merit Systems Protection Board*, No. 2013-3097 (Fed. Cir. Aug. 6, 2013) (nonprecedential).

[3] The appellant filed his initial appeal on February 29, 2012, prior to the November 27, 2012 enactment of the Whistleblower Protection and Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, the relevant provisions of which became effective on December 27, 2012.   MSPB Docket No. DC-1221-12-0356-W-1; WPEA § 202.

[4] These particular claims had not been resolved by the prior IRA appeal, in which the administrative judge determined that the appellant's disclosures occurred after June 2011 and the Board's pre-WPEA final order found that his complaints fell under 5 U.S.C. § 2302(b)(9), and were, therefore, outside the Board's jurisdiction.   MSPB Docket No. DC-1221-12-0087-W-1, Initial Decision (Dec. 16, 2011); *Id*., Final Order (June 21, 2012).

*v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶ 26 (2013).[5]  Remand Appeal File (RAF), Tab 57, Remand Initial Decision (RID) at 9.  She found that the appellant's disclosures fell under 5 U.S.C. § 2302(b)(9)(A)(i) and, therefore, the Board had jurisdiction over the IRA appeal.  RID at 9-10.  She further found that the appellant had otherwise established jurisdiction over his IRA appeal and analyzed the appellant's claims on the merits based on the written documents because he did not request a hearing.  RID at 10-12.  The administrative judge found that the appellant established that he made protected disclosures and that they were a contributing factor in the agency's decision not to select him for the position.  RID at 12.  She also found that the agency established by clear and convincing evidence that it would have made the same decision in the absence of his whistleblowing.  RID at 12-17.  Thus, she denied the appellant's request for corrective action.  RID at 17.

¶5        The appellant makes several arguments on review.  Petition for Review (PFR) File, Tab 1.  He alleges that the administrative judge did not properly apply *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999), and *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), to analyze the merits of his IRA appeal.  PFR File, Tab 1 at 13, 20-21, 35, 37.  He also reargues his allegations of fraud and his challenges to prior Board decisions concerning his VEOA and USERRA claims.  *Id.* at 13, 15, 17-18, 26, 33, 36.  Finally he makes arguments concerning protected disclosures that were not before the

---

[5] The Board subsequently decided *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 15 (2014), which declined to retroactively apply section 101(b)(1)(A) of the WPEA, as it pertains to the expanded Board IRA appeal rights set forth at 5 U.S.C. § 2302(b)(9)(B), to an appeal that was pending when the WPEA was enacted because doing so would increase a party's liability for past conduct as compared to pre-WPEA liability.  The administrative judge issued her initial decision on January 9, 2014, and did not have the benefit of the Board's analysis in *Hooker*, which was issued on March 11, 2014.  In any event, because we find that the appellant's complaints arise under 5 U.S.C. § 2302(b)(9)(A)(ii), we need not reach this issue here.

administrative judge on remand. *Id.* at 25-26. The agency has not responded to the petition for review.

¶6     We decline the appellant's invitation to revisit any of his prior VEOA and USERRA claims that have been resolved by the Board and our reviewing court. We clearly limited the issues on remand to analysis of the appellant's complaints to the Board and DOL regarding alleged violations of his veterans' preference rights and whether they could be considered protected disclosures under the WPEA. For the following reasons, we find that the appellant's complaints to the Board and DOL fall within 5 U.S.C. § 2302(b)(9)(A)(ii) and do not qualify as protected disclosures over which the Board could exercise IRA jurisdiction even assuming that WPEA revisions to 5 U.S.C. § 1221(a) could apply retroactively. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

¶7     The WPEA expanded the scope of 5 U.S.C. § 2302(b)(9) to include:

> (A) the exercise of any appeal, complaint, or grievance rights granted by any law, rule, or regulation—
>
> > (i) With regard to remedying a violation of paragraph (8); or
> >
> > (ii) Other than with regard to remedying a violation of paragraph (8).

Under 5 U.S.C. § 1221(e)(1), as amended by the WPEA and subject to the provisions of 5 U.S.C. § 1221(e)(2), in any case involving an alleged prohibited personnel practice as described under 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D), "the Board shall order such corrective action as the Board considers appropriate if the employee, former employer, or applicant for employment has demonstrated that a disclosure or protected activity described under section 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D) was a contributing factor in the personnel action which was taken or is to be taken." *Hooker*, 120 M.S.P.R. 629, ¶ 9; *see* 5 U.S.C. § 1221(a). Thus, the WPEA extended the Board's IRA jurisdiction to claims arising under 5 U.S.C. § 2302(b)(9)(A)(i), but not to those arising under (b)(9)(A)(ii). WPEA § 101(b)(1)(A); *Mudd*, 120 M.S.P.R. 365, ¶ 7. The substance of the appellant's

claims to the Board and DOL concerned alleged violations of his veterans' preference rights under VEOA rather than remedying an alleged violation of 5 U.S.C. § 2302(b)(8). RAF, Tab 14 at 7 (alleging that an agency official manipulated the selection process in order to circumvent his veterans' preference rights), Tab 15 at 5 (stating that he complained to DOL and the Board about a violation of 5 U.S.C. § 3318(b) concerning competitive service pass over procedures), Tab 26 at 67-68, 106-07 (correspondence from DOL concerning the appellant's complaint of a violation of veterans' preference when the agency canceled the vacancy announcement for the position), Tab 35 at 31;[6] *see* MSPB Docket No. DC-3330-11-0367-I-1, Tabs 1, 3; *Id.*, Initial Decision (Mar. 31, 2011); *Id.*, Final Order (Mar. 30, 2012) (February 2011 appeal to the Board in which the appellant alleges discrimination on the basis of military status and violations of veterans' preference rights in the agency's pass over procedures). Therefore, the Board lacks jurisdiction over this IRA appeal.[7]

¶8    For the foregoing reasons, we VACATE the remand initial decision and DISMISS the appellant's IRA appeal for lack of jurisdiction.

---

[6] Although the appellant asserts that he complained about nepotism and coercion, RAF, Tab 35 at 31-32, according to the record before us, his February 2011 complaint to DOL and his February 2011 appeal to the Board do not contain such allegations, RAF, Tab 26 at 67-68, 106-07; MSPB Docket No. DC-3330-11-0367-I-1, Tabs 1, 3; *Id.*, Initial Decision (Mar. 31, 2011); *Id.*, Final Order (Mar. 30, 2012).

[7] Because we find that the appellant's disclosures fall under 5 U.S.C. § 2302(b)(9)(A)(ii) and, consequently, the Board does not have jurisdiction over this appeal, we need not make any findings concerning retroactivity of section 101(b)(1)(A) of the WPEA as it pertains to the prohibited personnel practice set forth at 5 U.S.C. § 2302(b)(9)(A)(i). *Mudd*, 120 M.S.P.R. 365, ¶¶ 2, 6-7; *see Hooker*, 120 M.S.P.R. 629, ¶ 15 (declining to apply section 101(b)(1) of the WPEA, as it pertains to the prohibited personnel practice set forth at 5 U.S.C. § 2302(b)(9)(B), to cases pending before the Board prior to the enactment of the WPEA).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal

Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.